ANNA M. JOHNSON *vs.* HENRY T. GRANT.

PROVIDENCE—JUNE 28, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

G. owned land abutting on a court from which a gangway, passing through land of J. and of P., led to a street, which gangway G. and her husband were entitled to use as appurtenant to her land. She and her husband conveyed to P. all their right to use so much of the gangway as passed over the latter's land, and P. conveyed the same to the predecessors in title of J. who erected a fence across the way. The husband of G. removed the fence as an obstruction to the way over J.'s land :—

*Held,* that the land of G. was, by said conveyance, cut off from so much of the gangway as passed over the land of J., and that the right to use said gangway as appurtenant to her land was terminated by the conveyance.

*Held,* further, that the title to the gangway had become vested in J. at the time of the removal of the fence, and such removal was wrongful.

ACTION of trespass on the case for injury to the reversionary interest in land occupied by plaintiff's tenants. Certified from the Common Pleas Division on waiver of jury trial, and heard on the pleadings and evidence.

MATTESON, C. J. This is an action of trespass on the case for breaking and entering the close of the plaintiff, in the possession of her tenants, and cutting down, breaking and destroying the plaintiff's fence erected on the close. The case

shows that the plaintiff's close was originally composed of two parcels, bounded respectively on the east and on the west by a gangway twelve feet wide, and running southerly from Carpenter street, in Providence, to another gangway or court adjoining land of Mary M. Grant, the defendant's wife. Prior to the commission of the grievances complained of, the defendant and his wife, by deed dated January 9, 1886, had conveyed to Charles M. Perkins all their right, title, and interest in and to that portion of the gangway included between the northerly and southerly lines of a parcel of land owned by Perkins, and situated on both sides of the gangway. By this conveyance the land of the defendant's wife was entirely cut off from the northerly portion of the gangway, which passed over the close of the plaintiff to Carpenter street. By the conveyance to the plaintiff's predecessors in title of the two parcels of land bounding westerly and easterly respectively on the gangway, the title to the land covered by the gangway, in so far as it was included between the northerly and southerly lines of the two parcels, passed to the plaintiff's predecessors in title, and from them to her, so that the title was vested in her at the time of the removal of the fence by the defendant. *Healey* v. *Babbitt*, 14 R. I. 533 ; *Anthony* v. *City of Providence*, 18 R. I. 699 ; *Bentley* v. *Root*, Index RR. 40. Though the defendant and his wife, by virtue of the wife's ownership of the land bordering on the court into which the gangway opened, were entitled to the use of this gangway as appurtenant to her land down to the time of the conveyance of their interest in the gangway to Charles H. Perkins, as stated above, such right was terminated by that conveyance, since by it the northerly portion of the gangway, included within the lines of the plaintiff's parcels, was cut off from and ceased to be appurtenant to the land of the defendant's wife.

We are of the opinion, therefore, that the defendant wrongfully removed the plaintiff's fence, and give judgment for the plaintiff for thirty dollars damages and costs.

*Clarke H. Johnson,* for plaintiff.
*Robert W. Burbank,* for defendant.